UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD HUTCHINSON

                Plaintiff,

– *against* –

COMMISSIONER OF SOCIAL SECURITY

                Defendant.

**OPINION & ORDER**

18-cv-12152 (ER) (KNF)

RAMOS, D.J.:

Richard Hutchinson, represented by Daniel Berger, commenced this action against the Commissioner of Social Security ("the Commissioner"), pursuant to 42 U.S.C. § 405(g), to review the denial of Hutchinson's application for disability benefits. Doc. 10. Before the Court is Hutchinson's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Doc. 24. For the reasons set forth below, the motion is GRANTED.

## I. BACKGROUND

Hutchinson applied for Social Security Disability benefits and Supplemental Security Income benefits on April 14, 2014. Doc. 25 ¶ 1. Hutchinson's disability included right knee impairment, carpal tunnel syndrome of the left upper limb, depressive disorder, and mild intellectual disability. Doc. 10 ¶ 4. The Social Security Administration determined he was not disabled and denied his claim on August 28, 2014. Doc. 15 at 108. Hutchinson requested a hearing before an administrative law judge ("ALJ"). Doc. 10 ¶ 7.

Following hearings on January 19 and September 20, 2017, ALJ Selwyn S. C. Walters held that Hutchinson was not disabled in a decision dated November 21, 2017. Doc. 25 ¶ 1. Hutchinson requested that the Appeals Council of the Social Security Administration review ALJ Walters' decision, but the Appeals Council declined to conduct that review on October 17, 2018. Doc. 10 at 4–6.

Hutchinson retained Berger under a contingency fee agreement to appeal the Council's decision not to review ALJ Walters' findings. Doc. 25-1. The agreement provided that Berger's fee would be 25% of the past due benefits awarded to Hutchinson. *Id.* ¶ 1.

The instant case was filed on December 24, 2018. Doc. 1. Hutchinson moved for judgment on the pleadings on June 3, 2019. Doc. 17. The parties stipulated and agreed to remand the case to the Commissioner for a new hearing and decision, which the Court approved on July 29, 2019. Doc. 20. Additionally, the parties stipulated on October 16, 2019 that Berger would be awarded attorney's fees of $6,100.00 under the Equal Access to Justice Act ("EAJA"). Doc. 23.

On rehearing, ALJ Walters found on September 23, 2022 that Hutchinson had been disabled since April 29, 2010, [1] and he was accordingly entitled to $132,448.00 in past due benefits. Doc. 25 ¶ 5, Doc. 25-3 at 3. The Social Security Administration gave notice to Berger that it was withholding $33,112.00 for the express purpose of paying attorney's fees. Doc 25-3 at 3. This amount represented 25% of the past due benefits awarded to Hutchinson. *Id.*

Berger spent 31.8 hours on the case between December 5, 2018 and September 29, 2019. Doc. 25-2 at 4. Berger filed the instant motion for $33,112.00 in attorney's fees on June 14, 2023. Doc. 24.

## II.   LEGAL STANDARD

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation,

---

[1] In his June 23, 2014 applications for benefits, Hutchinson stated that his disability began on April 29, 2010. Doc. 15 at 217. Hutchinson began seeking treatment for medical issues related to his disability on May 2, 2010. Doc. 15-1 at 1, 14–18. The complaint in the instant case gave December 31, 2015 as the date the disability began. Doc. 10 ¶ 5. However, in his rehearing, ALJ Walters held that Mr. Hutchinson had been disabled since the onset date of April 29, 2010. Doc. 25 ¶ 5.

not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A).  A contingency fee agreement is the "primary means by which fees are set for successfully representing Social Security benefits claimants in court."  *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).  Because a successful Social Security claimant evaluates and pays his own attorney, "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case."  *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir. 1990).  Thus, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases," with the one limit that "[a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past due benefits."  *Gisbrecht,* 535 U.S. at 807.

To assess the reasonableness of a contingency fee, a court must first "'determine whether the contingency percentage is within the 25% cap' and . . . 'whether there has been fraud or overreaching in making the agreement.'"  *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022) (quoting *Wells*, 907 F.2d at 372).  A court then must consider the following factors to determine the reasonableness of a requested award:  (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved;" (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused;" and (3) "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor."  *Id.*  (alteration in original) (quoting *Gisbrecht*, 535 U.S. at 808 (internal quotation marks omitted)) .

To evaluate whether an award constitutes a windfall, the Court considers:  (1) "the ability and expertise of the lawyers," (2) "the nature and length of the professional relationship with the claimant," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."  *Id.* at 854–55.

3

### III. DISCUSSION

Pursuant to 42 U.S.C. § 406(b), Berger seeks $33,112.00 in attorney's fees, *i.e.* 25% of Hutchinson's award of past due benefits. Doc. 25 ¶ 12. The Court finds that the fee sought is reasonable.

Berger's requested fees are within the limit of the 25% cap for reasonable attorney's fees under 42 U.S.C. § 406(b). 42 U.S.C. § 406(b)(1)(A). Moreover, no one has submitted any evidence suggesting either fraud or overreaching in Berger's dealings with Hutchinson. *See, e.g., Hennelly v. Kijakazi,* No. 20-cv-4786 (JGK), 2023 WL 3816961 at *2 (S.D.N.Y. June 5, 2023) (finding that absence of evidence of fraud or overreach is sufficient to satisfy this threshold inquiry); *Casiano v. Kijakazi,* No. 19-cv-9732 (JGK), 2023 WL 3760941 at *2 (S.D.N.Y. June 1, 2023) (same). Therefore, the Court evaluates the reasonableness of the award based on the factors set forth in *Gisbrecht. Fields*, 24 F.4th at 853 (quoting *Gisbrecht*, 535 U.S. at 808).

The first factor considers whether the requested fee is out of line with the character of the representation and the results achieved. *Id.* The Court may reduce fees if the representation is found to have been substandard. *Id.* Here, neither Hutchinson nor the Commissioner voiced any dissatisfaction with Berger's representation and Hutchinson prevailed in his claim for benefits. The second factor considers whether the attorney was responsible for any delay in the proceedings. *Fields*, 24 F.4th at 853. A fee will be unreasonable if the attorney deliberately slowed proceedings to inflate his fees. *Id.* Here, no one has claimed, nor does any evidence suggest, that Berger is responsible for any delay in the proceedings.

The final factor analyses whether Berger's requested award constitutes a windfall. *Id.* at 854–55. A windfall is a fee of a size not commensurate with the service provided. *See id.* at 854. This is not the same as finding a high de facto hourly rate, as awards that would constitute hourly rates of over a thousand dollars have been found to be reasonable

4

in the past.  *See, e.g., Hennelly v. Kijakazi,* No. 20-cv-4786 (JGK), 2023 WL 3816961 at *2 (S.D.N.Y. June 5, 2023).

In this regard, Berger has presented evidence to show that he has relevant experience and expertise, citing his years of exclusive work on disability cases, his membership in the National Organization of Social Security Claimant Representatives, his admission in the New York state bar, the federal courts of the Eastern and Southern Districts of New York, and his experience in the District Attorney's office of Kings county.  Doc. 25 ¶ 8.  *See also Hennelly,* 2023 WL 3816961 at 2 (considering similar experience and expertise when analyzing the first *Fields* factor).  Second, the nature and length of Berger's professional association with Hutchinson has now been considerable, as Berger has been with the case since filing it in December of 2018.  Doc. 10.  *See also Casiano v. Kijakazi,* No. 19-cv-9732 (JGK), 2023 WL 3760941 at *3 (S.D.N.Y. June 1, 2023) (illustrating the standard for counsel's professional association with a case that took place over a similar period of time).  Third, Hutchinson has made no objection to the award or given any indication of dissatisfaction with Berger.  *See id.* at 3 (analyzing the third *Fields* factor with reference to a case where there was also no evidence to suggest the plaintiff was dissatisfied and that being considered sufficient evidence).  Fourth, the outcome of the case was very uncertain when Berger became involved considering that Hutchinson's application for benefits had been denied by the Social Security Administration, denied again by an ALJ, and his petition for appeal of the ALJ's decision was also denied.  Doc. 25 ¶ 1; *see also id.* at 3. (assessing uncertainty of resolution through the prior history of a case with multiple denials preceded the attorney taking on the case).  Therefore, under *Fields*, Berger's claim for an award of $33,112.00 is not a windfall.  Accordingly, the attorney's fees Berger seeks are reasonable, and his application is granted.

Berger has already been awarded attorney's fees under the EAJA in the amount of $6,100.00.  Doc. 23.  When plaintiff's counsel is awarded fees under both the EAJA and

§ 406(b) for the same work, the Court has ruled that counsel must "refund to the claimant the amount of the smaller fee." *Gisbrecht,* 535 U.S. at 796 (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186).  Accordingly, Berger must refund $6,100.00 to Hutchinson.

### IV.     CONCLUSION

For the foregoing reasons, the motion for attorney's fees in the amount of $33,112.00 is GRANTED.  Upon receipt of this sum, counsel for Plaintiff shall refund the previously awarded $6,100 in attorney's fees, under the EAJA, directly to Hutchinson.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 24.

It is SO ORDERED.

Dated:    July 7, 2023
             New York, New York

                                                          _____
                                                                    EDGARDO RAMOS, U.S.D.J.